FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2001 DEC -6 PM 4:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

Jefferson County,

    Plaintiff,

    v.

William M. Acker, Jr. and U.W. Clemon,

    Defendants.

CIVIL ACTIONS NOS.

93-M-0069-S and 93-M-0196-S

ENTERED
DEC 6 2001

### ORDER

These actions are again before this Court on cross-motions for summary judgment, presenting additional defenses by defendants to plaintiff's attempt to collect from them alleged delinquent taxes claimed to be due under Jefferson County Ordinance No. 1120 of 1987.

The first of these defenses which the Court will consider is based upon the decision in Case No. CV-92-3191 in the Circuit Court of Jefferson County, Alabama, dated Nov. 12, 1998, holding the above ordinance violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. That holding, however, was reversed by the Supreme Court of Alabama in *Jefferson County and Birmingham-Jefferson Civic Center Authority v. Jason Richards, et al.*, No. 1981680 in the October Term, 2000-2001, of the Alabama Supreme Court. See

particularly pages 12ff of the slip opinion in that case. A petition for certiorari was then filed in the United States Supreme Court, No.01-370. However, that Court has denied that petition, and this Court, as a removal court, is bound by the decision of the Alabama Supreme Court, and is required to overrule this defense.

Defendants next assert a defense based on Ala. Code Sec. 34-3-17. That code section provides that all lawyers in Alabama who are qualified to practice law but are not in active practice because, inter alia, they are holding a federal office that precludes them from doing so, upon paying an annual sum equal to 50 percent of the money collected by the State of Alabama from an active lawyer as a privilege license tax, shall be entitled to all the privileges and benefits common to other members of such (Alabama Bar) association. Alabama Act No. 406, the enabling act, authorizes Jefferson County to impose a privilege, license or occupational tax upon all persons engaged in any vocation, occupation, calling or profession who are not required by state law to pay such a tax to the State of Alabama. The local Jefferson County ordinance substantially tracks the enabling act. The legal issues presented therefore are: Is freedom from liability for the Jefferson County occupational tax a privilege or benefit common to other members of the Alabama Bar Association?,and, if so, are defendants precluded from claiming such because they are not required to pay the State of Alabama's privilege tax on active lawyers but only voluntarily

2

pay one-half the dues of such members of the Alabama Bar Association?    The plaintiff does not contest the idea that freedom from the occupational tax would qualify as a privilege or benefit; the only contested issue is whether the voluntary nature of defendants' payments is an insufficient basis for eligibility. The defendants strongly assert that they are eligible; in that contention they are strongly supported by the Amicus Curiae; the plaintiff contends just as strongly for the other result; the issue is one that can only be decided authoritatively by the Alabama Supreme Court. Not only is it the court of highest appeal in the State of Alabama, but it is undoubtedly peculiarly qualified by reason of its intimate association with the Alabama integrated bar to decide this issue. If this Court had the authority to certify this issue to the Alabama Supreme Court, it would do so as the issue is an important one of Alabama state law that has not been addressed directly by the Alabama Supreme Court,- but it does not have that option.  While the defendants make a logically appealing argument (on a cost benefits analysis, lawyers who pay full dues to the Alabama State Bar Association receive thereby the privilege of engaging in a profession which may return them hundreds of thousands of dollars each year as well as exemption from plaintiff's occupation tax, whereas for half dues, defendants claim only the latter benefit worth only a few hundreds of dollars annually), this Count must apply normal statutory construction, and holds that as defendants are not

3

AO 72A
(Rev.8/82)

DEC-06-2001  16:16              404 215 1343               96%                    P.03

required to pay any dues to the Alabama Bar Association to engage in their profession, they are not entitled to freedom from plaintiff's occupational taxation as a benefit of such membership even though it is a valuable benefit to other lawyers. The Court is confident that this order and accompanying judgment will be appealed, and the Court of Appeals will have the opportunity to certify this issue to the Supreme Court of Alabama if it decides, as this Court believes, that is the proper course.

As to defendants' contention that the District Court of Jefferson County lacks jurisdiction to enter a judgment in the amounts which might be due under the amended complaint, the Court holds that the jurisdiction of a Court to enter a judgment in a certain amount, as distinguished from other jurisdictional requirements, is determined at the time judgment is entered, and that, according to the information before it, this Court has jurisdiction to enter a judgment up to $10,000 exclusive of interest and costs. Pursuant to Ordinance 1120, the judgment to be entered by this Court shall be increased by interest at the rate of 12% per year and penalties of 10% of the judgment amount (not including interest).

The defendants argue that they should be exempted from enforcement of the Jefferson County occupational tax by reason of plaintiff's unequal enforcement of that tax. While the record before the Court does not indicate substantial unequal enforcement, nevertheless the Court believes this contention to

4

be merely another facet of defendants' equal protection or discrimination defense which already has been decided adversely to them.

It has been asserted by defendants without contradiction that historically the plaintiff has acquiesced in an allocation of time to Jefferson County of other resident Federal judges of 2/3rds Jefferson County-1/3rd out-of-county. If that be the case, the Court sees no reason why such an allocation could not be made in its judgment  The parties are directed promptly to confer to attempt to achieve a stipulation as to appropriate allocations of times spent in Jefferson in relevant periods, appropriate interest, and other variables required for this Court to enter a final judgment. The proposed consent judgment shall be due in thirty days from the date of this order. If a stipulation as to time allocation and other variables cannot be reached, the parties shall submit appropriate affidavits with respect thereto within the same time period.

The Court grants plaintiff's motion for summary judgment with directions and denies defendants' cross motion for summary judgment.

So ordered, this 6 day of December, 2001

CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

5